(Reap. Dec. 8706)

C. J. VAN HOUTEN & ZOON, INC. *v.* UNITED STATES

Entry No. 12625, etc.

(Decided December 4, 1956)

*Barnes, Richardson & Colburn* for the plaintiff.
*George Cochran Doub,* Assistant Attorney General, for the defendant.

DONLON, Judge: The appeals for reappraisement listed in schedule "A," attached hereto and made a part hereof, have been submitted for decision upon the following stipulation of counsel for the parties:

IT IS STIPULATED AND AGREED THAT—

1. The merchandise covered by the appeals for reappraisement listed in Schedule A, attached hereto and made a part hereof, consists of chocolate bars and other chocolate articles exported from Holland, the same in all material respects as those in *Bluefries New York, Inc.* v. *United States,* Reap. Dec. 8470, wherein it was held that cost of production as defined in Sec. 402 (f), Tariff Act of 1930, was the proper basis of value.

2. The record in said Reap. Dec. 8470 may be incorporated herein.

3. At the time of exportation of the merchandise involved in the appeals for reappraisement listed in said Schedule A, there was no foreign value or export value or United States value for such or similar merchandise as defined in Sec. 402,

Tariff Act of 1930 as amended, and the cost of production is therefore the proper basis of value.

4. The cost of production, as defined in Sec. 402 (f), (1), (2), (3) and (4) of the Tariff Act of 1930, for the chocolate bars and other chocolate articles listed in Schedule B, attached hereto and made a part hereof, is as set forth in said Schedule B.

5. The appeals for reappraisement listed in said Schedule A are submitted on this stipulation and are limited to the items set forth in said Schedule B, and abandoned as to all other items.

On the agreed facts I find the cost of production, as defined in section 402 (f) of the Tariff Act of 1930, to be the proper basis for determination of value of the merchandise in the appeals for reappraisement listed in attached schedule "A," and that such value for the respective items of merchandise are the costs listed in the attached schedule "B," both schedule "A" and schedule "B" being made a part of this decision.

The appeals, as they relate to other merchandise, are dismissed. Judgment will be entered accordingly.

SCHEDULE "B"